ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
JORDAN A. EGLET, ESQ.
Nevada Bar No. 15542
NATHAN E. SWANIS, ESQ.
Nevada Bar No. 16996
**EGLET LAW**
350 South Rampart Blvd, Suite 310
Las Vegas, Nevada 89145
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: *eservice@egletlaw.com*
*Attorneys for Plaintiff*

EGLET LAW

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMEER MUHAMMAD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., d/b/a WALMART SUPERCENTER, a Delaware Foreign Corporation; WALMART STORES, INC., a Delaware Foreign Corporation; DOES I through X; and ROE BUSINESS ENTITIE I through X, inclusive;<br><br>Defendants. | Case No.: 2:26-cv-02086-GMN-EJY<br><br>**STIPULATION AND ORDER TO AMEND COMPLAINT AND AMEND CASE CAPTION** |

IT IS HERBY STIPULATED by and between Plaintiff, AMEER MUHAMMAD, through his counsel of record, EGLET LAW and Defendants WALMART, INC. d/b/a WALMART SUPERCENTER, and WALMART STORES, INC. ("Defendants") by and through their counsel of record, BURGER, MEYER & D'ANGELO, LLP (collectively the "Parties"), hereby stipulate and agree as follows:

1. That Plaintiff's Complaint filed on June 4, 2026, Docket No. 1, in the Eighth Judicial District Court State of Nevada, under case no. A-26-948009-C, shall be Amended to include the withdrawal Defendant WALMART STORES, INC., a Delaware Foreign Corporation as a named Defendant, without prejudice in this matter, and for the case caption to be amended as set forth in **Exhibit 1.**
2. This request is made in good faith and not for the purposes of delay.

**IT IS SO STIPULATED.**

DATED this 14th day of October 2026.

*/s/ Jack F. DeGree, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
NATHAN E. SWANIS, ESQ.
Nevada Bar No. 16996
**EGLET LAW**
350 South Rampart Blvd, Suite 310
Las Vegas, Nevada 89145
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: *eservice@egletlaw.com*
*Attorneys for Plaintiff*

DATED this 14th day of October 2026.

*/s/ Olivia F. Bivens, Esq.*
TABETHA A. MARTINEZ, ESQ.
Nevada Bar No. 14237
SUSAN E. GILLESPIE, ESQ.
Nevada Bar No. 15227
OLIVIA F. BIVENS, ESQ.
Nevada Bar No. 15014
**BURGER, MEYER & D'ANGELO, LLP**
725 S. 8th Street, Suite 200
Las Vegas, Nevada 89101
Telephone: (949) 427-1888
Facsimile: (949) 427-1889
Email: tmartinez@burgermeyer.com
Email: sgillespie@burgermeyer.com
Email: obivens@burgermeyer.com
*Attorneys for Defendants*
*Walmart, Inc., and Walmart Stores, Inc.*

**ORDER**

**IT IS SO ORDERED.**

[signature]
UNITED STATES MAGISTRATE JUDGE

DATED: October 14, 2026

EGLET LAW

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that I am an employee of EGLET LAW, and on the 14th day of October 2026, I did cause a true and correct copy of the foregoing document **STIPULATION AND ORDER TO AMEND COMPLAINT AND AMEND CASE CAPTION** to be filed and served electronically via the Court's CM/ECF system.

*/s/ Jennifer Lopez*
An Employee of EGLET LAW

EGLET LAW

# EXHIBIT 1

ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
NATHAN E. SWANIS, ESQ.
Nevada Bar No. 16996
**EGLET LAW**
350 South Rampart Blvd, Suite 310
Las Vegas, Nevada 89145
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: *eservice@egletlaw.com*
*Attorneys for Plaintiff*

EGLET LAW

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMEER MUHAMMAD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART, INC., d/b/a WALMART SUPERCENTER, a Delaware Foreign Corporation; DOES I through X; and ROE BUSINESS ENTITIE I through X, inclusive;<br><br>Defendant. | Case No.: 2:26-cv-02086-GMN-EJY<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Exemption Requested: Damages Exceed $100,000.00** |

COMES NOW Plaintiff, AMEER MUHAMMAD, by and through his attorneys ROBERT T. EGLET, ESQ., JACK F. DEGREE, ESQ., and NATHAN E. SWANIS, ESQ. of EGLET LAW, hereby demands a trial by jury and alleges against Defendant as follows:

**PARTIES**

1. All incident described herein occurred in the County of Clark, State of Nevada.

2. At all relevant times, Plaintiff, AMEER MUHAMMAD, was and is a resident of Clark County, Nevada.

. . .

3. Upon information and belief, Defendant WALMART, INC., d/b/a WALMART SUPERCENTER (hereinafter "WALMART, INC.") is and was a Delaware foreign corporation and is authorized and doing business as a retail/supermarket chain, currently located at Charleston and Decatur, Las Vegas, Nevada, lawfully and dutifully under the laws of the State of Nevada, in Clark County.

4. Defendants, DOES I through X represent the individual, corporation, associate, or person who is/are otherwise responsible for creating, owning, controlling, inspecting, and maintaining the premises that includes floors common to all occupants and invitees of Defendants, located inside the store at or around 4505 W Charleston Blvd, Las Vegas, NV, 89102 (#3473), at the intersection of Charleston and Decatur, in Clark County, Nevada, at all times mentioned herein.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES I through X are unknown to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as DOES are responsible in some manner for the events and happenings referred to, specifically the failure to properly create, maintain, control, secure, and/or warn of the dangerous condition of anti-freeze on the floor inside Defendants' premises at the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend his First Amended Complaint to insert the true names and capacities of DOES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

6. Defendants, ROE BUSINESS ENTITIES I through X represent the individual, corporation, associate, or persons who is/are otherwise responsible for creating, owning, controlling, inspecting, and maintaining the premises that includes the floors common to all occupants and invitees of Defendants, located inside the store at Charleston and Decatur, in Clark County, Nevada, at all times mentioned herein.

7. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as ROE BUSINESS ENTITIES I through X are unknown

EGLET LAW

to Plaintiff who, therefore, sues said Defendants by said fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as ROE BUSINESS ENTITIES are responsible in some manner for the events and happenings referred to, specifically the failure to properly create, maintain, control, repair, and/or warn of the dangerous condition of anti-freeze on the floors inside Defendants' premises at the subject store and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of this Court to amend his First Amended Complaint to insert the true names and capacities of ROE BUSINESS ENTITIES I through X when the same have been ascertained and to join such Defendants in this action. At all times mentioned herein, each Defendant was acting as the agent, servant, and employee of each other Defendant.

8. DOES and ROE BUSINESS ENTITIES include, but are not limited to, the predecessors and successors in interest of Defendants, and each of them.

9. At all relevant times, Defendants, and each of them, were the agents, servants, partners, and/or employees of each and every other Defendant and were acting within the course and scope of their agency, partnership, and/or employment.

10. Defendants, and each of them, owned, utilized, and were charged with controlling, inspecting, maintaining, and managing the premises for all occupants and invitees of Defendants, which is located at or around 4505 W Charleston Blvd, Las Vegas, NV, 89102 (#3473), at the intersection of Charleston and Decatur, Las Vegas, Nevada, in Clark County, Nevada ("the premises," "the property").

## JURISDICTION

11. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

12. This Court has jurisdiction of these civil tort actions in accordance with FRCP 28 U.S.C. § 1391 as the occurrences giving rise to these matters occurred in Clark County, State of Nevada, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

13. At all relevant times Plaintiff is and was a resident of the State of Nevada.

EGLET LAW

EGLET LAW

14. Upon information and belief, Walmart is a citizen of Delaware for incorporation, and of Arkansas for principal place of business (in Bentonville, Arkansas).

15. Defendants have had such minimum contacts with the State of Nevada so as to grant this Court jurisdiction over their person, whether generally, or as a specific result of the facts giving rise to this First Amended Complaint.

**FACTUAL ALLEGATIONS**

16. At all relevant times, Defendant WALMART, INC., d/b/a WALMART SUPERCENTER, owned, utilized, controlled, managed, and/or maintained the property/premises located at or around Charleston and Decatur, in Clark County, Nevada, which conducts business under the name Walmart Supercenter, which property/premises includes the section common to all occupants and invitees where the subject incident occurred.

17. On June 28, 2024, Plaintiff was walking through a section at WALMART, INC., d/b/a WALMART SUPERCENTER, located at Charleston and Decatur, Las Vegas, Nevada, when Defendants, and each of them, so carelessly and negligently created, owned, utilized, controlled, inspected, and maintained the premises in a dangerous condition so as to allow, among other things, a slip and fall hazard, that being anti-freeze that had spilled from pallets while Walmart employees were stocking shelves on the floor located in a section common to all customers and employees, and as a result thereof Plaintiff slipped on the anti-freeze, which caused Plaintiff to fall and, as a proximate result thereof, Plaintiff was severely injured.

18. Defendants, and each of them, their agents, servants, and/or employees, had the duty to exercise reasonable care in maintaining the premises, which includes the subject section within the store, so as to not cause injury or damage to Plaintiff or others around said premises.

19. Plaintiff alleges that since Defendant's employees' negligence was committed within the scope of their employment with Defendants, these Defendants are vicariously liable for the negligence of Defendants' employees pursuant to the doctrine of respondeat superior.

20. Defendants, and each of them, are also liable to Plaintiff for his injuries and damages as a result of their negligent hiring, supervision, and/or training of their employees.

EGLET LAW

**FIRST CAUSE OF ACTION**

**(Negligence – As to All Defendants)**

21. Plaintiff re-alleges and incorporates by reference all of the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendants, and each of them, owed a duty of care to Plaintiff to maintain the premises in a reasonably safe condition, including the section where the subject incident occurred, and to inspect the premises for dangerous conditions, and to warn of any hazardous conditions that were known or should have been known to Defendants.

23. Plaintiff alleges that since Defendant's employees' negligence was committed within the scope of their employment with Defendants, these Defendants are vicariously liable for the negligence of Defendant's employees pursuant to the doctrine of respondeat superior.

24. Defendants, and each of them, are also liable to Plaintiff for his injuries and damages as a result of their negligent hiring, supervision, and/or training of their employees.

25. Defendants, and each of them, breached their duty of care to Plaintiff by, among other things: allowing anti-freeze to remain on the floor; failing to clean up or remove the anti-freeze in a timely manner; failing to adequately warn Plaintiff of the dangerous condition; failing to barricade or rope off the area containing the spilled anti-freeze; and failing to properly supervise employees who were stocking shelves.

26. As a direct and proximate result of Defendants' breach of their duty, Plaintiff was caused to slip and fall on the anti-freeze, resulting in severe injuries to Plaintiff.

27. As a direct and proximate result of Defendants, and each of them, and their employees/agents' negligent acts and/or omissions and breach of duty, Plaintiff sustained severe and debilitating injuries to his left side, including his neck, shoulder, back, hand and tailbone, as well as mental anguish and anxiety, among other injuries.

28. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was required, and will be required in the future, to incur expenses for medical care and treatment and costs incidental thereto.

EGLET LAW

29. As a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has endured physical and emotional pain and suffering. It is further expected that Plaintiff will be forced to endure future physical and emotional pain associated with his continued recuperation, physical therapy, and limitations associated with his injuries into the foreseeable future.

30. As a further direct and proximate result of the aforesaid negligence of Defendants, and each of them, Plaintiff has incurred damages in an amount to be determined at trial, but which are in an amount in excess of $75,000.00.

31. Plaintiff has further been forced to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein, as well as prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $75,000.00;
2. Compensatory damages in an amount in excess of $75,000.00;
3. Special damages in an amount in excess of $75,000.00;
4. Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life;
5. Damages for a loss of past and future household services;
6. Costs of suit, reasonable attorney fees, and interest incurred herein; and

. . .

. . .

. . .

. . .

7. For such other and further relief as is just and proper.

DATED this __ day of October, 2026.

*/s/ Jack F. DeGree, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
NATHAN E. SWANIS, ESQ.
Nevada Bar No. 16996
**EGLET LAW**
350 South Rampart Blvd, Suite 310
Las Vegas, Nevada 89145
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: eservice@egletlaw.com
*Attorneys for Plaintiff*

EGLET LAW

EGLET LAW

**DEMAND FOR JURY TRIAL**

Plaintiff, by and through his attorneys of record at EGLET LAW, hereby demands a jury trial of all issues in the above matter.

DATED this __ day of October, 2026.

*/s/ Jack F. DeGree, Esq.*
ROBERT T. EGLET, ESQ.
Nevada Bar No. 3402
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
JORDAN A. EGLET, ESQ.
Nevada Bar No. 15542
NATHAN E. SWANIS, ESQ.
Nevada Bar No. 16996
**EGLET LAW**
350 South Rampart Blvd, Suite 310
Las Vegas, Nevada 89145
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: eservice@egletlaw.com
*Attorneys for Plaintiff*